IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ROBERT L. JONES,** **PLAINTIFF**

**V.** **NO: 4:05cv272-P-B**

**GREENVILLE POLICE DEPARTMENT CHIEF,
SGT. GRAZIOSI, OFFICER A. BANKHEAD and
CPL. KERSH,** **DEFENDANTS**

## REPORT AND RECOMMENDATION

On March 21, 2006, the *pro se* plaintiff, Robert L. Jones, appeared before the undersigned United States Magistrate Judge for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

Plaintiff filed his Complaint on December 12, 2005. The Complaint alleged that in June 2005, officers of the Greenville Police Department used excessive force while arresting plaintiff. The Complaint named only the "Greenville Police Department Chief." At the *Spears* hearing, plaintiff admitted that the Chief of Police had no personal involvement in the incident which makes the basis of his Complaint. Plaintiff was ordered to file an Amended Complaint, naming those individual officers he claimed assaulted him. By Order [doc. 18] dated April 5, 2006, plaintiff's motion for additional time to comply with the Court's previous order was granted.

On May 3, 2006, plaintiff filed his Amended Complaint [doc. 19], naming Sgt. Graziosi, Officer A. Bankhead and Cpl. Kersh as defendants. Based upon my review of the Amended Complaint, plaintiff has adequately alleged facts stating constitutional claims against these defendants.

**THEREFORE, IT IS RECOMMENDED** that any and all claims against the Chief of the Greenville Police Department be dismissed with prejudice for failure to state a claim and that plaintiff's claims against those defendants named in the Amended Complaint be allowed to proceed.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 18th day of August, 2006.

/s/ Eugene M. Bogen
**UNITED STATES MAGISTRATE JUDGE**