IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ROBERT L. JONES                                                                    PLAINTIFF

V.                                                                          NO: 4:05cv272-WAP-DAS

GREENVILLE POLICE DEPARTMENT
CHIEF, ET AL.                                                                      DEFENDANTS

## REPORT AND RECOMMENDATION

An evidentiary hearing was conducted by United States Magistrate Judge Eugene Bogen on May 14, 2008, in Greenville, Mississippi. For their failures to timely file witness and exhibit lists in accordance with the court's scheduling order, the parties were prohibited from introducing documentary evidence beyond what was already a part of the record of the court and were prohibited from introducing any witness testimony beyond the testimony of the parties themselves. After hearing the testimony presented during the hearing, Magistrate Bogen made oral factual findings on the record. However, Magistrate Bogen retired prior to entering any written report and recommendation, and this case was eventually reassigned to the undersigned magistrate judge. Having reviewed the record, including the testimony at the evidentiary hearing and Judge Bogen's findings, it is recommended that this case be dismissed with prejudice for the reasons set out below.

*The Complaint*

Jones filed his Complaint on December 12, 2005. The Complaint alleged that in June 2005, officers of the Greenville Police Department used excessive force while arresting the plaintiff. The Complaint named only the "Greenville Police Department Chief." During a *Spears* hearing, Jones admitted that the Chief of Police had no involvement in the incident which

made the basis of his Complaint. Jones was then ordered to file an amended complaint, naming those individual officers he claimed assaulted him. By Order dated April 5, 2006, the court granted Jones' motion for additional time to comply with the court's order to amend his complaint. On May 3, 2006, the Jones filed his Amended Complaint naming, Sergeant Graziosi, Officer Andrew Bankhead and Corporal Kersh as defendants. He further alleged that after he was booked and placed in a cell at the Greenville Police Department, officers refused his requests for medical treatment for a headache and bruises he sustained to the head. Jones seeks damages for the officers use of excessive force and for causing the "mental and emotional stress" he suffered while incarcerated.

*Hearing Testimony*

Jones testified that on the morning of June 30, 2005, he and a friend, Jonathan Stewart, were on their way to breakfast, when they encountered a roadblock. He said he and Stewart were smoking marijuana at the time, and Stewart became scared and actually drove through the roadblock. However, Stewart complied with Jones' request to be let out of the car at the next intersecting street. According to Jones, after he exited the car and began walking, he was approached from in front and behind by two patrol cars. Jones said he stopped, but when the officers got out of the patrol car to question him, he ran. Jones said he panicked because he was under house arrest for possession of marijuana. He said he ran approximately twenty feet before he was struck by the patrol car driven by Officer Kersh. Jones testified that following this, Officer Bankhead began to kick, punch, and beat him while Kersh and another officer placed handcuffs on him. Jones said he does not know the name of the other officer, but assumes it was "Jenkins." Jones said Bankhead continued to kick and beat him even after cuffs had been placed

2

on him. Jones said Bankhead did not stop until Kersh told him to stop. Jones said Bankhead also grabbed the cell phone he had been holding and threw it to the ground, breaking it into pieces. He said Bankhead eventually picked him up from the ground by his cuffed hands and feet and threw him into the back of the patrol car. Jones said after Kersh and Bankhead got into the patrol car, Bankhead told Kersh he was going to "get him again," but Kersh told Bankhead to leave Jones alone. Jones testified that he is suing Kersh because he hit him with the patrol car and Graziosi because she witnessed the incident and failed to intervene.

Jones further testified that after he was booked at the police station, he requested medical treatment. He said after officers searched him at the station, they found large quantities of "dope" stuffed down his pants. Jones said he remained in the city jail for five or six days and was then transferred to a state facility in Rankin County, Mississippi.

The officers' testimony differed dramatically from that of the plaintiff. Officer Andrew Bankhead testified that he, Kersh and two other "reserve" officers were working a "Click-It-Or-Ticket" roadblock on Cypress Lane when the car that Jones was in drove through the roadblock, almost running over Bankhead who was standing in the middle of the road. Bankhead said the officers immediately got into their patrol cars and proceeded to chase the vehicle. When they received word from the police dispatcher that a black male had been let out of a car that had been speeding on Anne Stokes, a nearby street, the officers responded to the call. When Kersh and Bankhead arrived at Anne Stokes, they pulled up next to Jones who was now walking. When Kersh asked him to stop to answer some questions, Jones ran. Bankhead, who was on the front passenger side, jumped out and chased Jones on foot. According to Bankhead, Kersh continued ahead and parked the patrol car in a cul-de-sac. Bankhead testified that Jones was so

3

preoccupied, looking back at him, that he did not notice the patrol car and ran directly into the back right panel of it.  The impact knocked Jones off his feet.  Bankhead said when he asked Jones to turn around and put his hands behind his back, Jones refused.  Bankhead said he hit Jones in the chest "a couple of times" and pulled his arm, but Jones still refused to put his hands behind his back.  Bankhead said he turned Jones over on his stomach and applied the "heel strike" maneuver, hitting him in the back with his foot approximately three times.  At this time, Kersh came to the back of the vehicle and helped put Jones in hand cuffs.  Bankhead testified that he eventually threw Jones into the back of the patrol car because he continued to resist and would not get up.  Bankhead said that about this time, Graziosi pulled up in a patrol car.

Bankhead also testified that Jones never asked for medical assistance while in his presence.  Bankhead said it was standard procedure to call for an ambulance and have a paramedic examine a prisoner if he requested medical treatment.

Officer Kersh's testimony was consistent with Bankhead's.  He testified that he had pulled ahead of Jones in the patrol car and that Jones ran into the car because he was looking back at Bankhead.  Kersh also corroborated Bankhead's testimony that Jones resisted being handcuffed and resisted the officers until he was placed into the back of the patrol car.  Kersh denied that he at any time told Bankhead not to hit or kick Jones.  Kersh also testified that he never heard Jones request medical treatment and that Jones did not look like he needed any.  Kersh said Officer Graziosi arrived while they were struggling to get Jones cuffed.  In line with the other officers' testimony, Officer Susan Graziosi testified that the Jones was "in custody" and being placed in the patrol car when she arrived.  She said Jones was being noncompliant and resisting the other officers.  She further testified that Jones did not appear as if he needed medical

4

attention, nor did he request any.

*Proving Excessive Force Claims*

The Fourth Amendment's protection against unreasonable searches and seizures requires that officers refrain from using excessive force, that is, more force than is reasonably necessary, when effectuating an arrest. *Graham v. Connor,* 490 U.S. 386, 394-95, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). "It is clearly established law in this circuit that in order to state a claim for excessive force in violation of the Constitution, a plaintiff must allege (1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable." *Bazan v. Hidalgo County,* 246 F.3d 481, 487 (5th Cir.2001) (citation omitted). Whether force is reasonable in an excessive force case is viewed under an objective standard, i.e., "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them," *Graham,* 490 U.S. at 397, 109 S.Ct. 1865, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396, 109 S.Ct. 1865.

*Findings of Fact and Conclusions of Law*

The Court finds that on or about June 30, 2005, Robert L. Jones was a passenger in a vehicle that failed to stop at a traffic stop operated by officers of the Greenville Police Department on Cyress Lane Road as part of its "Click-It-Or-Ticket" initiative. After the car ran the roadblock, Jones exited the vehicle and began to evade the officers on foot. When the officers pulled up next to Jones and asked him to stop for questioning, Jones refused and proceeded to run. Officer Bankhead exited the patrol car and began chasing Jones on foot, while

5

Officer Kersh drove ahead of Jones. In the course of trying to evade capture by Officer Bankhead, Jones failed to watch where he was headed and ran into Kersh's patrol car. The court finds the officers' testimony regarding this fact more credible than Jones' allegation that the patrol car actually ran into him. The court further finds that Jones then refused to submit to the officers' request to put his hands behind him so he could be cuffed. In the course of this struggle, Officer Bankhead gained control of Jones and handcuffed him and placed him in the patrol car that had been driven by Kersh. Officer Graziosi arrived on the scene at about the time Jones was brought under control. Based on the testimony of the officers, Jones did not appear to need medical treatment, and at no time did he request it.

In light of the foregoing facts, the court finds Jones has failed to prove his excessive force claim. Beyond his mere allegations in the Amended Complaint of a headache and bruises and mental and emotional distress, Jones has failed to present any evidence at all that he suffered any injury as a result of any action by a defendant. Even if Jones could show an injury, based on the credible evidence in this case, no officer used any more force than necessary to subdue Jones. First, Jones has consistently stated that he and his friend were smoking marijuana and ran through the roadblock. Second, Jones also admitted that he ran from officers when they stopped him for questioning because he was violating his house arrest and was afraid. Third, all three officers testified that Jones resisted the entire time they tried to cuff him and get him in the patrol car. Accordingly, Jones has failed to prove his excessive force claim.

Furthermore, to the extent Jones has stated an Eighth Amendment claim for denial of medical treatment, this claim fails as well. In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to

the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors in their response to the prisoner's needs or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). Because Jones has failed to prove that he had a serious medical need, his Eighth Amendment claim is without merit. Therefore, it is recommended that this case be dismissed with prejudice and that all costs be taxed to the plaintiff.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 9th day of March, 2009.

                                        **/s/ David A. Sanders**
                                        **UNITED STATES MAGISTRATE JUDGE**